UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE MCGANN<br><br>                              Plaintiff,<br><br>         - against -<br><br><br>ROGERS COMMUNICATIONS INC.<br><br>                              Defendant. | Docket No. 1:17-cv-9514<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Catherine McGann ("McGann" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Rogers Communications Inc. ("Rogers" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of American singer-songwriter Bruno Mars when he was a child Elvis impersonator owned and registered by McGann, a professional photographer. Accordingly, McGann seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     McGann is a professional photographer in the business of licensing her photographs to online and print outlets for a fee having a usual place of business at 720 South San Fernando Blvd, Unit 106, Burbank, California, 91502.

6.     Upon information and belief, Rogers is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 333 Bloor Street, East 10th Floor, Toronto, Ontario M4W1G9. At all times material hereto, Rogers has owned and operated a website at the URL: www.Flare.com (the "Website")

## STATEMENT OF FACTS

A.     **Background and Plaintiff's Ownership of the Photograph**

7.     McGann photographed American singer Bruno Mars when he was a child Elvis impersonator (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.     McGann is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9.     The Photograph was registered with the United States Copyright Office and was given registration number of VA 2-067-037.

B.     **Defendant's Infringing Activities**

10.    On August 8, 2017, Rogers ran an article on the Website entitled *10 Times Bruno Mars Was Literally the Cutest on Instagram.* See http://www.flare.com/celebrity/bruno-mars-on-

instagram/image/5/. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

11. The Photograph appears on Rogers's computer servers.

12. Rogers did not license the Photograph from Plaintiff for its article, nor did Rogers have Plaintiff's permission or consent to publish the Photograph on its Website.

## CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST ROGERS)
## (17 U.S.C. §§ 106, 501)

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Rogers infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Rogers is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Rogers have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Rogers be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
December 5, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Catherine McGann*